IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CALEB WARD  (01)<br>JEREMY MCNUTT  (02)<br>JARED MCNUTT  (03) | No. 4:25-MJ-86 |

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER
GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, financial information, and other confidential information; protect ongoing criminal investigations; maintain the integrity of the judicial process; and to promote timely resolution of this case. Specifically, the government proposes the following:

1.    That any discovery materials (or copies thereof) provided by the government to the defense—including any defendants that may be charged later, and regardless of when such materials were produced—in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure; 18 U.S.C. § 3500; *Brady v. Maryland* and its progeny; or *United States v. Giglio* and its progeny be considered "**Confidential Information**."

2.    That **Confidential Information** disclosed to a defendant or defense counsel in this case during the course of proceedings in this action:

a. Shall be used by the defendant and defense counsel only for purposes of defending this criminal action;

b. Shall not be disclosed in any form by the defendant or defense counsel except as set forth in paragraph 2(c) below; and

c. May be disclosed by the defendant or defense counsel in this action only to the following persons ("**Designated Persons**"):

   i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

   ii. witnesses, potential witnesses, or an attorney for a witness or potential witness, so long as any person shown **Confidential Information** must be informed that the information is protected by a Court order that prohibits disclosure of the **Confidential Information** to any person other than representatives of the defense or the government in this case;

   iii. independent expert witnesses, investigators, or expert advisors retained—pursuant to a written retainer agreement—in connection with this action; and

   iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. That **Confidential Information** disclosed to a defendant or defense counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4. That a defendant and defense counsel shall provide a copy of this Order to **Designated Persons** to whom they disclose **Confidential Information** pursuant to paragraphs 2(c)(i), (ii) and (iii). **Designated Persons** shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

5. That a defendant and defense counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. That if any dispute should arise between the parties to this action as to whether any documents, materials or other information is **Confidential Information** subject to the provisions of this Order, such documents, materials and information shall be considered **Confidential Information** pending further Order of this Court.

7. That the provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any District Judge or Magistrate Judge of this Court for purposes of this action. Nor shall the provisions of this Order be construed as preventing disclosure of any information in the

public domain or information obtained independently from the sources described in Paragraph 1.

## I.     Background

On February 5, 2025, signed a criminal complaint charging the defendants with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343). On February 10, 2025, Jared McNutt was arrested and appeared before the Court. On February 13, 2025, Ward and Jeremy McNutt self-surrendered and appeared before the Court. The government did not move for detention, and all were released on conditions set by the Court.

Due to the nature of the offense, the discovery in the government's possession includes large amounts of confidential information, including personally identifiable information, bank information, and content from email search warrant returns.

## II.    Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id*. Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

The government has consulted with counsel for the defendants, none of whom oppose this motion.

## III. Discovery is Voluminous and Contains Protected Information

Discovery in this case is voluminous. In the government's initial productions, there are over 90,000 documents as well as forensic copies of computers and cell phone extractions. This voluminous discovery is replete with personally identifiable information and other confidential information. For example, the government has obtained communications, bank account, and other information of coconspirators, including coconspirators not named in the indictment, through a variety of means, including grand jury subpoenas, search warrants, and voluntary disclosures from witnesses, subjects, and coconspirators.

Searching through and redacting over 90,000 documents is overly burdensome and impracticable. Thus, to facilitate the timely resolution of the case, the government intends to go beyond its discovery obligations by making a significant amount of the discovery available unredacted through a secure electronic file exchange and/or encrypted defense-provided external media, if it can be assured that the materials in this case will be adequately protected. The exchange/encrypted media will enable defense attorneys to securely access the discovery and allow them to make hard copies of the discovery if they so choose. Accordingly, to safely and timely facilitate the discovery in this case and to protect the integrity of the ongoing criminal investigation, the government seeks the proposed protective order.

## IV. Conclusion

The government respectfully requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above for all defendants, including any additional defendants who may be added later. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendants' interest in full and efficient discovery and a speedy resolution of this case. The compelling interests of protecting personal identifying information and bank account information by preventing disclosure of this information to third parties constitutes good cause to enter the requested protective order.

    Respectfully submitted,

    CHAD E. MEACHAM
    ACTING UNITED STATES ATTORNEY

    *MATTHEW WEYBRECHT*
    Assistant United States Attorney
    State Bar of Texas No. 24102642
    Telephone: 817-252-5200
    Fax: 817-252-5455
    matthew.weybrecht@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that: (1) on February 10, 2025, counsel for the government consulted with counsel for Ward, who stated he is unopposed; (2) on February 12, 2025, counsel for the government consulted with counsel for Jeremy McNutt, who stated he is unopposed; (3) on February 12, 2025, counsel for the government consulted with counsel for Jared McNutt, who stated he is unopposed.

*s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney(s) of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney