IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-MJ-86 |
| CALEB WARD   (01) JEREMY MCNUTT   (02) JARED MCNUTT   (03) | |

## GOVERNMENT'S UNOPPOSED MOTION FOR ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

The United States of America respectfully moves the Court to issue the proposed order pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Criminal Procedure 16(d). Namely, the proposed order would allow the government to meet its discovery obligations while also protecting each defendant to preserve any attorney-client and work product privileges in the voluminous electronic discovery in the government's possession. In support, the government would show as follows:

BACKGROUND

1.    On February 5, 2025, the Court signed a complaint charging Caleb Ward, Jeremy McNutt, and Jared McNutt (collectively, Defendants) with a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud and wire fraud) related to their operation of Geosyn, a cryptocurrency mining company. Dkt. 1.

2.    Over the course of the investigation leading up to the complaint, the government gathered a large quantity of electronic evidence, including the email accounts associated with Ward, Jeremy McNutt, and Geosyn, as well as numerous computers and electronic

devices pursuant to a search warrant at Geosyn's primary place of business.

3.     Because of the possibility that the electronic evidence contained privileged materials, the government coordinated with defense counsel for Ward and Jeremy McNutt prior to the filing of the complaint. Jeremy McNutt's counsel stated that he was not aware of any privileged materials and/or did not intend to claim privilege over any documents found on his device or email account. Ward's counsel provided a list of attorneys' names who may have had privileged communications with Ward. The government used a filter process to run those privilege terms and wall off the prosecution team from potentially privileged documents.

4.     The government remains obligated to produce materials in its possession. Because the prosecution team has been walled off from the potentially privileged documents, it cannot say whether such documents contain Rule 16 or *Brady/Giglio* information as to some of the defendants. The government therefore provided Ward's counsel with the potentially privileged documents and asked for a privilege log, while also raising the possibility of the instant motion under Rule 502, which would allow Ward's codefendants to view all of the discovery without having such agreement be considered a waiver of Ward's privilege. Ward's counsel agreed not to oppose this motion. The prosecution team has remained walled off from these potentially privileged documents.

<u>ARGUMENT</u>

5.     Alternatives to the proposed Rule 502 order would increase the resources of the government, the defendants, and the Court. "Determining the applicability of the

privilege is a 'highly facts-specific' inquiry, and the party asserting the privilege bears the burden of proof." *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 856 F.3d 356, 362 (5th Cir. 2017). For example, one alternative would require Ward to review all his material and produce a list of documents over which he was claiming privilege. *See, e.g., United States v. Simels*, 2008 WL 5383138 at *6 (E.D.N.Y. Dec. 18, 2008) (ordering the defendant to "expeditiously review the seized and intercepted information and determine which specific communications he wished to contend are privileged"). The government or other defendants may then want to litigate those privilege claims. And, even then, the right of the other defendants to privileged documents would remain a difficult question: "The Supreme Court has expressly left open the question of whether a criminal defendant's constitutional rights may overcome the attorney client privilege." *United States v. Sattar*, No. 02 CR. 395 JGK, 2003 WL 22137012, at *17 (S.D.N.Y. Sept. 15, 2003).

6.      Federal Rule of Evidence 502(d), enacted in 2008, gives the Court the power to "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which even the disclosure is also not a waiver in any other federal or state proceeding." The Rule was enacted, in part, to deal with the exact problem posed here: to "reduce the costs of pre-production review for privilege and work product if the consequence of disclosure is that the communications or information could be used by non-parties to the litigation." Fed. R. Evid. 502 (committee notes). In particular, "[t]he rule provides a party with a predictable protection from a court order—

predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention." *Id.* The government therefore asks the Court to issue the attached order, which seeks to satisfy both the government's discovery obligations and Ward's privilege concerns.

7.      As noted above, the government has spoken to each of the defendants' counsel and none object to this motion.

<u>CONCLUSION</u>

8.      For the foregoing reasons, the government asks that the Court grant its motion and issue the proposed order attached as Exhibit A pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Criminal Procedure 16(d).

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
matthew.weybrecht@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that: (1) on February 10, 2025, counsel for the government consulted with counsel for Ward, who stated he is unopposed; (2) on February 12, 2025, counsel for the government consulted with counsel for Jeremy McNutt, who stated he is unopposed; (3) on February 12, 2025, counsel for the government consulted with counsel for Jared McNutt, who stated he is unopposed.

*/s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Matthew Weybrecht*
MATTHEW WEYBRECHT
Assistant United States Attorney